JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Joseph Smith

**DEFENDANTS**

Medical Guardian, LLC

**(b)** County of Residence of First Listed Plaintiff    **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Albert J. Michell, P.C. 40 W. Evergreen Ave., Ste 101
Philadelphia, PA 19118 tel# 215.922.2588

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** [ ] 370 Other Fraud | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII 42 USC Sec. 2000 et seq.; 42 USC Sec. 1981

Brief description of cause:
Race discrimination and retaliation in employment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/21/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Joseph Smith | : | CIVIL ACTION |
| v. | : | |
| Medical Guardian, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        (  )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits.        (  )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      (  )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.        (  )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court.  (See reverse side of this form for a detailed explanation of special
 management cases.)        (  )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.      ( x )

| | | |
|---|---|---|
| 11/21/2023 | Albert J. Michell, Esq. | Plaintiff Joseph Smith |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.922.2588 | 215.922.2590 | albertjmichell@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

05/2023

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1 Franklin Town Boulevard, Apt. 2002, Philadelphia, PA 19103

Address of Defendant: 1500 Locust Street, Ste. 4310, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 1818 Market Street, Ste. 1200, Philadelphia, PA 19103

**RELATED CASE IF ANY:**

Case Number: _____ Judge: _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is /☒ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 11/22/2023    Albert J. Michell, Esquire    76797

*Attorney-at-Law (Must sign above)*    *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A.  Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☒ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ All Other Federal Question Cases. *(Please specify)*:_____

**B.  Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Albert J. Michell, Esq. counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

Albert J. Michell, Esq.    76797

DATE: 11/22/2023    *Attorney-at-Law (Sign here if applicable)*    *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Joseph Smith<br>1 Franklin Town Boulevard<br>Apartment # 2002<br>Philadelphia, PA 19103<br>           Plaintiff | :<br>:<br>:<br>:<br>:<br>:<br>: |
| v. | :        CIVIL ACTION<br>:        DOCKET NO.: |
| Medical Guardian, LLC<br>1500 Locust Street<br>Suite 4310<br>Philadelphia, PA 19102<br>           Defendant | :<br>:<br>:<br>:<br>: |

**COMPLAINT**

Comes now the Plaintiff Joseph Smith, by and through counsel Albert J. Michell, Esquire, and for his complaint and cause of action, states as follows:

**PARTIES**

1.     Plaintiff, Joseph Smith (hereinafter "Plaintiff" or "Mr. Smith"), is an adult African American male and a resident of the Commonwealth of Pennsylvania who living at 1 Franklin Town Boulevard, Apartment # 2002, Philadelphia, PA 19103.

2.     Defendant Medical Guardian, LLC, (hereinafter "Defendant" or "Medical Guardian, LLC") is a limited liability company with a license to do business in Pennsylvania with its registered address located at 1500 Locust Street, Suite 4310, Philadelphia, PA 19102.  Medical Guardian, LLC is a person as defined in 42 U.S.C. Sec 2000e-2(a).

3.     At all times relevant to this action the above named Defendant was "engaged in an industry affecting commerce" within the meaning of Sections 701(g) and 701(h) of Title VII, 42 U.S.C. Sections 2000e(g) and 2000e(h).

At all times relevant to this action Defendant employed 100 or more employees.

At all times relevant to this action Defendant was an "employer" within the meaning of Section 701(b) of Title VII, 42 U.S.C. Section 2000e(b).

At all times relevant to this action Defendant was an "employer" within the meaning of Section 4 of the Pennsylvania Human Relations Act (hereinafter "PHRA"), 43 P.S. Section 954.

At all times relevant to this action Defendant was an "employer" within the meaning of Section 5 of the PHRA, 43 P.S. Section 955.

## JURISDICTION

4.      Jurisdiction of this court comes under 28 U.S.C. Sec. 1331 (Federal question) based on Mr. Smith's claims under Sections 703(a) and 706(f)(1) of title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-2(a) and 2000e-5(f)(1) and 42 U.S.C. Section 2000e3(a) ("Title VII") and 42 U.S.C. §1981. The state law components of this action arise under the Pennsylvania Human Relations Act, 43 P.C. Section 951, *et seq.*, and the Pennsylvania Wage Payment and Collection Law, Pa. Stat. Ann. Tit. 43, Section 260,1 *et seq.* (hereinafter "WPCL") This Court has supplemental subject matter jurisdiction over the state law components of this action pursuant to 28 U.S.C. Section 1367(a).

## VENUE

5.      Venue in this district is proper because the discriminatory acts complained of occurred primarily at Defendant's business location at 1818 Market Street, Suite 1200, Philadelphia, PA 19103, located within the Eastern District of Pennsylvania and Plaintiff resides in this District.

## PROCEDURAL REQUIREMENTS

6.      Within 300 days of the occurrences of the acts of discrimination of which he complains, Plaintiff dual filed Charges of Discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Pennsylvania Human Relations Commission (hereinafter "PHRC") alleging race-based employment discrimination and retaliation.

The EEOC and PHRC have held exclusive jurisdiction over Plaintiff's complaints for over 6 months.

To date, neither the EEOC or PCHR have reached a conciliation agreement to which Plaintiff is a party.

On September 18, 2023, the EEOC issued a Notice of Right To Sue letter, allowing Plaintiff to sue in Federal Court within ninety (90) days of receipt. (See attached Notice of Right to Sue letter dated September 18, 2023.)

## STATEMENT OF FACTS

7.      Defendant Medical Guardian, LLC is a medical device company with its registered address located at 1500 Locust Street, Suite 4310, Philadelphia, PA 19102.

8.      Mr. Smith, a black male, with approximately 30 years of experience in the collections field was hired by Defendant on September 16, 2014 as Collections Manager.

9.      Plaintiff developed Defendant's Collections Department and excelled at his position, which involved managing collections employees in collecting outstanding accounts receivables.

10.     Sean Coyne, a white male, was hired by Defendant in March 2014 as Controllor and became Plaintiff's direct supervisor upon Plaintiff's hire.

11.     Shortly after beginning employment with Defendant, Mr. Smith was severely and consistently racially harassed by Coyne.

12.     Coyne would continually send Plaintiff text messages of blacks being killed by whites.

13.     Coyne sent a text message containing a video of a black man brutally beaten by police officers.

14.     Coyne sent Plaintiff photos of police dressed up as Travon Martin (a black youth shot and killed by a white man).

15.     Coyne would consistently make disparaging comments to Plaintiff about blacks, such as their being on welfare.

16.     Coyne would consistently make disparaging comments to Plaintiff about how blacks dress and talk.

17.     Coyne made comments such as "thank god I'm white" to Plaintiff.

18.     Coyne would comment about Plaintiff's black subordinates, such as "she's so black".

19.     Defendants Chief Financial Officer Mark Gillbert (white male), to whom Coyne reported (and to whom Plaintiff directly reported for a period of time in approximately mid 2016 to early 2017) joined into Coyne's racially disparaging conversations and made his own disparaging comments. Gilbert once voiced his displeasure at the hiring of a black female collections

employee indicating she was "too black and unattractive". He agreed to her hiring only if Plaintiff would face her against the wall so Gilbert wouldn't have to see her face as he exited his office.

20.     Plaintiff continually made internal complaints about Coyne and Gilbert's racial harassment and the hostile work environment to Defendant's Human Resources Department and upper management, but no action was taken and the harassment intensified.

21.     Plaintiff was paid a salary of approximately $50,000.00 plus commissions, which were based on the performance of the Collections Department.

22.     After Plaintiff began complaining of racial harassment, Sean Coyne, with the consent and approval of Gilbert and Defendant's upper management, began releasing inaccurate collections-related data which always showed results worse than the actual numbers, detrimentally affecting Plaintiff's commissions.

23.     Plaintiff complained of this to upper management and requested accurate numbers, to no avail.

24.     Sean Coyne, with the consent and approval of Gilbert and upper management, set Plaintiff's collections goals at the beginning of the monthly collections periods - numbers that had to be reached in order for Plaintiff to collect his commissions - and would then retroactively change the stated goals at the end of the periods to higher numbers, thus preventing Plaintiff from collecting his full commissions.

25.     Plaintiff complained of this practice to upper management, to no avail.

26.     Upon information and belief the retroactive goal setting by Defendant caused Plaintiff to lose commissions for years in the approximate amounts of: $12,000.00 (2018), $12,000.00 (2019), $12,000.00 (2020) , $24,450 (2021), and unknown amount for 2022.

27.     The detrimentally inaccurate collections data and retroactive goal shifting not only cost Plaintiff commission money, but also prejudiced his evaluations, impacting his pay and promotions opportunities.

28.     Coyne was promoted to Vice President of Accounting and Finance in about July of 2022.

29.     Defendant did not post Coyne's prior position of Controller nor notify Plaintiff of its availability but instead immediately hired Rich Dalamas (white male) for the Controller position, with Plaintiff as Dalamas's direct subordinate.

30.     Upon information and belief Plaintiff was passed over for promotion to this position despite his superior qualifications.

31.     Plaintiff subsequently trained Dalamas for the Controller position.

32.     Defendant issued a false disciplinary action against Plaintiff in or about August of 2022 in an attempt to terminate Plaintiff.

33.     Defendant issued Plaintiff a false and inaccurate performance evaluation in or about March of 2023 in an attempt to terminate Plaintiff.

34.     Plaintiff was diagnosed with a serious health condition - stage 4 colon cancer - in February 2023, necessitating his going out on FMLA leave in April 2023 and subsequently being placed on short and long term disability leave.

35.     Plaintiff was subjected to harassment and adverse employment decisions by Defendant on the basis of his race, and in retaliation for his complaints of same, and not because of any legitimate business reason.

36.     Defendant by and through its employees humiliated, embarrassed, and subjected Plaintiff to mental distress and anguish through their deliberate harassment, discrimination and retaliation.

37.     As a result of Defendant's discrimination and retaliation of Plaintiff, Plaintiff suffered lost income and other monetary damages including the necessity of hiring an attorney to file this suit.

## COUNT I
### Title VII - Race Discrimination/Harassment in Employment

38.     Plaintiff incorporates paragraphs 1 through 37 as though set forth in full herein.

39.     By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-2(a).

40.     Taken together, the acts outlined above up describe a pattern of intentional discrimination against and disparate treatment of Plaintiff on account of his race (black) with respect to the terms and conditions of his employment.

41.     Taken together, the acts outlined above were intentional and describe a hostile work environment based on race:

(a)     Plaintiff suffered the intentional discrimination outlined above because of his membership in a protected class - black;

(b)     such discrimination was pervasive and regular;

(c)     such discrimination detrimentally affected the Plaintiff;

(d)     such discrimination would have detrimentally affected a reasonable person of the same protected class in his position; and

(e)     there existed in the corporate Defendant respondeat superior liability for the actions of its agents and employees.

42.     Similarly situated whites were not treated in this manner.

43.     The effects of Defendant's employment practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee because of his race.

44.     As a result of Defendant's action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, mental anguish, and loss of enjoyment of life's pleasures.

45.     The above described acts and omissions of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the Federally protected rights of Plaintiff.

46.     Said acts and omissions of Defendant were committed by and through its management employees within their agency/employment relationships with Defendant.

47.     The extreme and outrageous acts and omissions of Defendant merit the imposition of punitive damages.

    **WHEREFORE,** Plaintiff Joseph Smith prays that this Court:

(a)     accepts jurisdiction over this matter;

(b)     impanels and charges a jury with respect to the causes of action; and

(c)     awards the following damages:

        i.     back pay and front pay along with pre and post judgment interest;

        ii.     punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

        iii.     attorneys' fees, expert witness fees, the costs of this action, and

expenses as provided by applicable Federal statutes; and

iv.     any other relief which this Court deems just and equitable.

## COUNT II
### PHRA - Race Discrimination/Harassment in Employment

48.     Plaintiff incorporates paragraphs 1 through 47 as though set forth in full herein.

49.     By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of the Pennsylvania Human Relations Act, 43 P.C. Sections 953 and 955.

50.     Taken together, the acts outlined above describe a pattern of intentional discrimination against and disparate treatment of Plaintiff on account of his race (black) with respect to the terms and conditions of his employment.

51.     Taken together, the acts outlined above were intentional and describe a hostile work environment based on race:

    (a)     Plaintiff suffered the intentional discrimination outlined above because of his membership in protected class - black;

    (b)     such discrimination was pervasive and regular;

    (c)     such discrimination detrimentally affected the Plaintiff;

    (d)     such discrimination would have detrimentally affected a reasonable person of the same protected classes in his position; and

    (e)     there existed in the corporate Defendant respondeat superior liability for the actions of its agents and employees.

52.     Similarly situated whites were not treated in this manner.

53.     There existed in the corporate Defendant respondeat superior liability for the actions of its agents and employees.

54.     Defendant's employment practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee because of his race.

55.     Defendant engaged in the unlawful employment practices outlined above with malice or reckless indifference to the state and municipality protected rights of Plaintiff.

56.     As a result of Defendant's action and conduct, Plaintiff has suffered emotional distress, loss of income, mental anguish, and loss of enjoyment of life's pleasures.

**WHEREFORE,** Plaintiff Joseph Smith prays that this Court:

    (a)     accepts jurisdiction over this matter;

    (b)    impanels and charges a jury with respect to the causes of action; and

    (c)    awards the following damages:

        i.    back pay and front pay along with pre and post judgment interest;

        ii.    liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

        iii.    attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Pennsylvania state statutes; and

        iv.    any other relief which this Court deems just and equitable.

## COUNT III
### Retaliation

57.    Plaintiff incorporates paragraphs 1 through 56 as though set forth in full herein.

58.    As outlined in the Statement of Facts, Plaintiff engaged in the opposition of unlawful employment practices, Defendant's described acts and omissions constituting violations of Title VII and the PHRA, by making complaints of such treatment to management.

59.    Plaintiff's said opposition was a protected activity.

60.    Defendant harassed Plaintiff and detrimentally affected the terms and conditions of his employment for engaging in these protected activities.

61.    Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

62.    By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of 42 U.S.C. Section 2000e3(a) and the PHRA.

63.    The above described acts and omissions of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the

Federally protected rights of Plaintiff.

64.     Said acts and omissions of Defendant were committed by and through its management employees within their agency/employment relationships with Defendant.

65.     The extreme and outrageous acts and omissions of Defendant merit the imposition of punitive damages.

WHEREFORE, Plaintiff Joseph Smith prays that this Court:

     (a)    accepts jurisdiction over this matter;

     (b)    impanels and charges a jury with respect to the causes of action; and

     (c)    awards the following damages:

          i.     back pay and front pay along with pre and post judgment interest;

          ii.    punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

          iii.   attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Federal statutes; and

          iv.   any other relief which this Court deems just and equitable.

## COUNT IV
42 U.S.C. §1981 Violations

66.     Plaintiff incorporates paragraphs 1 through 65 as though set forth in full herein.

67.     Defendant by and through its agents and employees intentionally discriminated against Plaintiff because of his race (black) by means of its above conduct.

68.     Taken together, the acts outlined above up describe a pattern of intentional discrimination against and disparate treatment of Plaintiff on account of his race with respect to the terms and conditions of his employment, constituting adverse tangible employment actions.

69.     Taken together, the acts outlined above were intentional and describe a hostile work environment based on race:

(a)    Plaintiff suffered the intentional discrimination outlined above because of his membership in a protected class-black;

(b)    such discrimination was pervasive and regular;

(c)    such discrimination detrimentally affected the Plaintiff;

(d)    such discrimination would have detrimentally affected a reasonable person of the same protected class in his position;

(e)    Plaintiff suffered the above described adverse tangible employment actions; and

(f)    there existed in the corporate Defendant respondeat superior liability for the actions of its agents and employees.

70.    Similarly situated whites were not treated in this manner.

71.    Said acts and omissions of Defendant were committed by and through its management employees within their agency/employment relationships with Defendant.

72.    As a result of Defendant's action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, mental anguish, and loss of enjoyment of life's pleasures.

73.    Taken together, the acts outlined above constitute violations of §1981.

74.    The above described acts and omissions of Defendant with regard to Plaintiff were extreme and outrageous and were committed with a malicious, willful, and/or reckless indifference to the Federally protected rights of Plaintiff, warranting punitive damages.

**WHEREFORE,** Plaintiff Joseph Smith demands judgment in his favor and against Defendant and requests that this Court order that:

(a)    Defendant compensate Plaintiff for the past and future wages lost because of its unlawful conduct;

(b)    Defendant pay to Plaintiff compensatory damages for suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable; and

(c)    Defendant pay to Plaintiff all other legal and equitable relief recoverable under §1981 including, but not limited to, punitive damages, attorneys' fees, expert witness fees, the costs of this action, and pre- and post-judgment interest.

## COUNT V
WPLC violations

75.    Plaintiff incorporates paragraphs 1 through 74 as though set forth in full herein.

76.     The Pennsylvania Wage Payment and Collection Law (Pa. Stat. Ann. Tit. 43, Section 260,1 *et seq*.) (hereinafter "WPCL") defines wages as "all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation." 43 Pa. Stat. Ann. § 260.2a.

77.     The WPCL provides in part that:

> . . . Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer. . . All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period. The wage shall be paid in lawful money of the United States or check, except that deductions provided by law, or as authorized by regulation of the Department of Labor and Industry for the convenience of the employer, may be made. . . 43 Ps. Section 260.3

78.     At the time of hire, an employer must notify employees of the rate of pay and the amount of wage supplements that are to be paid to the employee. 43 Pa. Stat. Ann. § 260.4.

79.     An employer must also notify employees of any changes in the rate of pay and/or changes in the amount of wage supplements that are to be paid to the employee before said changes are made. 43 Pa. Stat. Ann. § 260.4.

80.     The WPCL requires employers to pay all "wages and compensation earned". 43 Pa. Stat. Ann. § 260.5.

81.     At all times material and relevant hereto, Defendant qualified as an "employer" within the meaning of the WPCL.

82.     At all times material and relevant hereto, Plaintiff qualified as an "employee" of Defendant under the WPCL and was thus entitled timely payment of wages and compensation earned and due to him.

83.     Defendant's unilateral changes of wages and compensation without notifying Plaintiff violated his rights under the WPCL.

84.     As a consequence of Defendant's employment practices denying Plaintiff his due wages and compensation earned, Defendant violated the WPCL.

85.     As a direct and proximate result of Defendant's unlawful employment practices and

disregard for Plaintiff's rights, Plaintiff has suffered financial losses.

86.     Defendant knowingly and willfully violated this applicable law and Plaintiff's rights.

**WHEREFORE,** Plaintiff Joseph Smith demands that Defendant's conduct be declared in violation of the WPCL; that Defendant be ordered to pay Plaintiff back pay, front pay, interest, liquidated damages, attorney's fees and costs, along with any other legal and equitable relief recoverable under the Pennsylvania Wage Payment and Collection Law.

## COUNT VI
Unjust enrichment

87.     Plaintiff incorporates paragraphs 1 through 86 as though set forth in full herein.

88.     If Defendant is not found liable for the above violations, Plaintiff brings this count and asserts as follows:

    (a)     Plaintiff was not fully or properly compensated for his work for Defendant;

    (b)     Defendant accepted and retained the value and benefits of Plaintiff's under-compensated work; and

    (c)     Defendant's acceptance and retention of the aforementioned benefits, without making full and final payment for same to Plaintiff is unjust and inequitable.

**WHEREFORE,** Plaintiff Joseph Smith demands that Defendant be declared unjustly enriched; that Defendant be ordered to pay Plaintiff monies equal to the unjust enrichment, plus attorney's fees and costs, along with any other legal and equitable relief recoverable under the circumstances.

## JURY DEMAND

Plaintiff requests trial by jury on all counts.

Dated: 11/22/2023

          _/s/ Albert J. Michell_
Albert J. Michell, Esquire
Attorney ID: 76797
**ALBERT J. MICHELL, P.C.**
40 West Evergreen Avenue
Suite 101
Philadelphia, PA 19118
Send correspondence to:
PO Box 4062
Philadelphia, PA 19118
Telephone: 215.922.2588
Validation of Signature Code: AJM4598

# EXHIBIT "1"
# NOTICE OF RIGHT TO SUE LETTER



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/18/2023

**To:** Mr. Joseph L. Smith
One Franklin Town Blvd Apt. # 2002
PHILADELPHIA, PA 19103

**Re:** Smith v. Medical Guardian, Llc.
EEOC Charge No: 530-2023-00309

EEOC      Representative      and   Legal   Unit
telephone number:

(267) 589-9707

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
09/18/2023
_____
Karen McDonough
Deputy District Director

**Cc:**
Michael R Galey (for Respondent)


Please retain this notice for your records.